142 F.3d 448
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Manuel ZARATE, Plaintiff-Appellant,
v.
James ROWLAND, Director; B.J. Bunnell, Warden; L.R.
Snider; J. Negrete; J.F. Austin; Charles D.
Marshall, Warden; Biddle, Lt.,
Defendants-Appellees.
 No. 97-15865.
D.C. No. CV-91-01236-DLJ.
 United States Court of Appeals,
Ninth Circuit.
 .
Submitted April 20, 1998.**
Decided April 24, 1998.
 
 Appeal from the United States District Court for the Northern District of California, D. Lowell Jensen, District Judge, Presiding.
 Before BRUNETTI, RYMER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Manuel Zarate, a California state prisoner, appeals pro se the district court's summary judgment for defendants in his 42 U.S.C. § 1983 action. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment, see Barnett v. Centoni, 31 F.3d 813, 815 (9th Cir.1994) (per curiam), and we affirm.
 
 
 3
 Zarate has been identified as an affiliate of a prison gang and sentenced to an indeterminate term in the Special Housing Unit (SHU) at Pelican Bay State Prison. In his complaint, Zarate alleged that his placement in the SHU and the policy of debriefing violated his First, Fifth, Eighth, and Fourteenth Amendment rights. On appeal, Zarate contends that his placement in the SHU violates his Fourteenth Amendment procedural due process rights.[1]
 
 
 4
 The district court did not err by concluding that the state court's denial of Zarate's petition for a writ of habeas corpus precluded Zarate from challenging his placement in the SHU as a violation of his procedural due process rights in a § 1983 action. See Silverton v. Department of the Treasury, 644 F.3d 1341, 1346-47 (9th Cir.1981).
 
 
 5
 We also conclude that the district court did not err by denying Zarate's motion for an appointment of counsel. See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.1991).
 
 
 6
 Finally, given the scope of the appeal, we cannot conclude that the district court abused its discretion by denying Zarate's motion to compel discovery as to defendant Austin and Zarate's second motion for an extension of time to file an opposition to defendant's motion for summary judgment. See United States v. A.E. Lopez Enters., Ltd., 74 F.3d 972, 975 (9th Cir.1996) (requiring litigant to show how additional discovery would preclude summary judgment); Federal Sav. & Loan Ins. Corp. v. Molinaro, 889 F.2d 899, 903 (9th Cir.1989) (reviewing for abuse of discretion denial of motion for continuance).
 
 
 7
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because Zarate makes no argument concerning his First, Fifth, and Eighth Amendment claims in his opening and supplemental opening brief, we conclude that Zarate has waived these claims on appeal. See Pierce v. Multnomah County, 76 F.3d 1032, 1037 n. 3 (9th Cir .), cert. denied, --- U.S. ----, 117 S.Ct. 506, 136 L.Ed.2d 397 (1996)